### No. 28339

### The People of the State of Colorado v.
### Ernest Lee Phillips

(594 P.2d 1053)

Decided May 21, 1979.

Robert R. Gallagher, Jr., District Attorney, James C. Sell, Chief Deputy, for plaintiff-appellant.

Steve E. McBride, for defendant-appellee.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This interlocutory appeal was taken to review an order suppressing evidence obtained pursuant to a consent search of an apartment occupied by Ernest Lee Phillips (defendant) and others. The signed consent was given by the defendant. We reverse the ruling of the trial court on the motion to suppress.

## I.
### *The Facts*

The defendant was arrested and charged with burglary and theft. The charges against defendant resulted from an alleged burglary of a Phillips 66 station. The defendant was given the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1964), and elected not to make a statement without having counsel present. Shortly after his arrest, the defendant was given permission to attempt to contact an attorney. His attempt was unsuccessful, and the trial court found that, although the defendant subsequently asked for permission to again attempt to reach an attorney, his request was denied.

Subsequent to defendant's arrest, the police went to his apartment and obtained permission to enter from a woman who was living there with the defendant at the time. While in the apartment, they saw some new tires which bore a Phillips 66 tag and which were similar to those taken from the burglarized Phillips 66 station.

To insure that the evidence would remain intact, a policeman remained at the apartment while another officer contacted the defendant to determine whether he would consent to a search of the apartment, or

whether a search warrant would be required. After being held in custody for some fifteen hours, the defendant was given a "consent to search" form and told that if he did not sign the consent form, a search warrant would be obtained. He signed the consent form, and the evidence seized pursuant to that consent was the subject of the suppression order that is now before us on appeal.

The sole basis urged by defendant for suppression is tied to the defendant's statement when he was given the *Miranda* warnings that he did not desire to discuss his involvement in the alleged burglary without an attorney.

The trial court found that, in light of the totality of the circumstances, the defendant's consent to the search was given voluntarily. However, it concluded that the combination of the defendant's insistence that he would make no statements in the absence of his attorney and the denial of the defendant's request to again seek to contact an attorney weighed heavily against the voluntariness of the consent. The state conceded that there was ample time in which to secure a search warrant. The trial court concluded that the defendant's consent to the search was obtained as a result of the denial of this right to the assistance of counsel and suppressed the evidence resulting from the search. In our view, the Sixth Amendment right to counsel is not controlling in this case. The voluntariness of the consent, measured against the factual background, requires reversal of the suppression order.

## II.
### Constitutional Issues

In a potpourri of constitutional claims, defense counsel would have us read the Fourth, Fifth, and Sixth Amendments to the United States Constitution as conferring rights which are coextensive and totally overlapping in their protection. We decline to do so.

In support of his assertion that the consent was invalid because of the defendant's desire to have counsel present prior to the time that he discussed the case with the police, defendant has invoked rights guaranteed by the Fifth and Sixth Amendments. *Miranda v. Arizona, supra.* The *Miranda* case was an outgrowth of *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), which provided the accused with protection under the Sixth Amendment.

This case, by way of contrast, turns upon interpretations of the Fourth Amendment, which guarantees an accused protection against an unlawful search and seizure and exclusion of evidence seized in violation of the Fourth Amendment. *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

*Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), provides the foundation for this opinion. The issue pure and simple is: What must the prosecution establish to demonstrate

that a consent was voluntarily given? Before a consent may be deemed to be voluntary, the prosecution must satisfy the court that the consent was not induced by explicit or implicit means or by implied threat, force, or coercion. The totality of the circumstances measures the voluntariness of the consent. But rights afforded under *Miranda v. Arizona, supra,* do not extend to the Fourth Amendment. *Phillips, v. People,* 170 Colo. 520, 462 P.2d 594 (1969).

In *United States v. Lemon,* 550 F.2d 467 (9th Cir. 1977), the court declared that a consent that was voluntary, but in violation of *Miranda,* was valid, stating that a consent to a search is not the type of incriminating statement toward which the Fifth Amendment is directed. The consent is not evidence of a testimonial or communicative nature. *See Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

To the extent that defendant's claims are based solely on the Sixth Amendment, his consent to the search of his apartment was not obtained at a "critical stage" of the proceedings against him, and counsel was, thus, not constitutionally required. *Kirby v. Illinois,* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

Accordingly, we reverse the ruling of the trial court which suppressed the evidence seized pursuant to the consent of the defendant to conduct a search of his apartment.

MR. JUSTICE CARRIGAN does not participate.