The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Randall A. BEAVER, Defendant-Appellant.

No. 83CA1458.

Colorado Court of Appeals, Div. III.

July 3, 1986.

Rehearing Denied July 31, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John M. Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Martin J. Gerra, III, Deputy State Public Defender, Linda A. Perkins, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Defendant, Randall Beaver, appeals the judgment of the trial court entered upon jury verdicts finding him guilty of sexual assault while armed with a deadly weapon, felony menacing, second degree burglary of a dwelling, and crime of violence in the commission of sexual assault and burglary. Beaver contends that the trial court erred: (1) in ruling that Beaver was validly arrested in his home without a warrant, (2) in ruling that the police did not violate Beaver's rights by asking him whether he would consent to a search of his home after he had invoked his right to remain silent and to have an attorney present during interrogation, (3) in refusing to allow a psychologist to testify as to psychological factors which may affect the accuracy of eyewitness identification, (4) in failing to instruct the jury properly on the elements of crime of violence, and (5) in failing to construe the crime of violence statute as applicable only to crimes which do not already contain a violent crime element. We affirm.

The victim of the crimes lived in a teepee on the banks of the White River near Rangely, Colorado. As she was falling asleep shortly after midnight, a man came into her teepee, hit her on the head with a stick, and sexually assaulted her. Beaver's truck was found stuck in the mud near the teepee, and although the victim did not, at that time, positively identify Beaver as her assailant, she did tell the police of his antipathy towards her.

The next morning, three officers went to Beaver's one-room mobile home. One of them rapped on the door, and Beaver answered. Another officer asked whether they could come in. Beaver said, "Okay." Once inside, one of the officers told Beaver

that he was investigating a sexual assault and wanted to talk to him about why his vehicle had been found at the scene. Beaver responded that his car had been stolen the night before. Beaver then agreed to go to the sheriff's department in Rangely to talk about the case.

At the sheriff's department, Beaver was given proper *Miranda* warnings, and questioning was begun. Initially, Beaver answered the officers' questions. However, when the officers told Beaver that they thought he was lying, Beaver stated that he did not want to talk to them further without an attorney present.

Although the officers immediately ceased questioning Beaver about the commission of the offense, they asked whether he would be willing to sign a form giving permission to search his home. He indicated that he would, and signed the form. A search was conducted, and several items of clothing were seized tending to implicate Beaver in the crime. The trial court denied Beaver's motion to suppress this evidence.

## I.

Beaver first contends that this warrantless arrest in his home was illegal because he did not voluntarily consent to the officers' entry into his house, and that there were no exigent circumstances. Since the arrest was illegal, he argues, the evidentiary fruits of that arrest should have been suppressed. We hold that the arrest was not illegal.

■ Under the Fourth Amendment, searches and seizures inside a home without a warrant are presumptively unreasonable, and the warrantless arrest of a person is a species of seizure required by the amendment to be reasonable. *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980); *McCall v. People*, 623 P.2d 397 (Colo.1981). Thus, Beaver's arrest can be justified only on the basis of consent to enter the home or the presence of exigent circumstances. *Payton, supra; McCall, supra; People v. Santisteven*, 693 P.2d 1008 (Colo.App.1984). The trial court ruled that Beaver's arrest was valid on the

basis of both consent and exigent circumstances.

We need not consider the defendant's argument that the trial court improperly found a valid consent to enter. Even though consent to enter a home is lacking, an officer acting with probable cause can make a warrantless arrest within the arrestee's home if exigent circumstances exist. *McCall, supra.*

■ The officers testified that they did not obtain a warrant because they feared both that Beaver might flee across the nearby Utah border and that there might be immediate destruction of evidence (*e.g.*, hair, sperm, and fibers). This testimony was sufficient to support the trial court's conclusion that there were exigent circumstances justifying the warrantless arrest. *McCall, supra; see People v. Williams*, 200 Colo. 187, 613 P.2d 879 (1980).

## II.

Beaver next contends his *Miranda* rights were violated by the police officers' question at the police station whether he was willing to sign a form giving consent to search his home. We disagree.

■ If, during custodial interrogation, an accused indicates in any manner that he wishes to remain silent, the interrogation must immediately cease, and if the individual states that he wants an attorney, the interrogation must cease until an attorney is present. *Rhode Island v. Innis*, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *People v. Harris*, 191 Colo. 234, 552 P.2d 10 (1976).

Here, it is undisputed that when the questioning of Beaver became accusatory, Beaver stated that he did not want to talk further to the police without an attorney present. Then, although questioning about the crime itself was ended, one officer asked Beaver whether he would be willing to permit the police to search his home and sign a waiver for them to do so, and Beaver indicated that he would. A consent to

search form was then filled out, read to Beaver, and signed by him.

■ The term "interrogation" under *Miranda* refers not only to express questioning, but also to any words or action by the police officers that they should know are reasonably likely to elicit an incriminating response from the suspect. *Rhode Island v. Innis, supra; see also People v. Lee,* 630 P.2d 583 (Colo.1981). An "incriminating response" refers to any response that the prosecution may seek to introduce at trial. *Rhode Island v. Innis, supra* (fn. 5). Thus, the critical inquiry is whether the defendant, while in police custody, was exposed to a risk of self-incrimination by police interrogation. *People v. Lee, supra.*

■ The consent to search is not "evidence of a testimonial or a communicative nature." *See Schmerber v. California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Hence, a consent to search is not the type of incriminating statement toward which the Fifth Amendment is directed. *People v. Phillips,* 197 Colo. 546, 594 P.2d 1053 (1979); *Smith v. Wainwright,* 581 F.2d 1149 (5th Cir.1978); *United States v. Lemon,* 550 F.2d 467 (9th Cir.1977); *Tremayne v. Nelson,* 537 F.2d 359 (9th Cir. 1976); *United States v. Faruolo,* 506 F.2d 490 (2d Cir.1974). Therefore, here, there was no interrogation within the meaning of *Miranda* and its progeny.

■ *People v. Lowe,* 200 Colo. 470, 616 P.2d 118 (1980) relied on by the defendant, is distinguishable from the facts of this case. In *Lowe,* the interrogation actually led to police knowledge of evidence which might be obtained during a search, and as well resulted in the consent to search. *Lowe, supra.* Here, the questioning stopped when Beaver said he did not want to talk any more without an attorney present. The trial court found that Beaver's written consent to search the trailer was voluntary and that the refusal to talk did not extend *Miranda* protection to his right to give consent to search. Since the evidence supports the trial court's finding that the consent was knowingly and volun-

tarily given, thus waiving any Fourth Amendment objection, the trial court properly denied the motion to suppress the evidence seized in the search. *Schneckloth v. Bustamonte,* 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); *People v. Brewer,* 690 P.2d 860 (Colo.1984).

## III.

Beaver next contends that the trial court abused its discretion by refusing to allow a psychologist to testify as an expert witness on the subject of factors which affect the reliability of an eyewitness identification. The trial court ruled that the case of *People v. Lawson,* 37 Colo.App. 442, 551 P.2d 206 (1976) is dispositive. We agree.

In *People v. Lawson,* the court held that the tendered evidence relating to factors that might have made the eyewitness' identification questionable was within the realm of the experience and common knowledge of the jurors. Therefore, the court concluded, it was not an abuse of discretion for the trial court to conclude that the testimony would not aid the jury in resolving an issue and to exclude the expert testimony on the subject. Although this case was decided before the applicability of the Colorado Rules of Evidence, this holding is consistent with CRE 702.

■ Beaver contends, however, that in light of developments in cognitive psychology, the continued viability of the *Lawson* case is questionable. Concern over the accuracy of eyewitness identifications, coupled with the growing body of scientific literature on the subject, has led some courts to find reversible error in instances in which a trial court has refused to permit expert testimony on the factors affecting reliability of eyewitness identification. *E.g., People v. McDonald,* 37 Cal.3d 351, 208 Cal.Rptr. 236, 690 P.2d 709 (1984); *State v. Chapple,* 135 Ariz. 281, 660 P.2d 1208 (1983). *See also United States v. Downing,* 753 F.2d 1224 (3rd Cir.1985); *United States v. Smith,* 736 F.2d 1103 (6th Cir.1984). We note, too, that the United States Supreme Court has expressed concern for the vagaries of eyewitness identifi-

cation and the dangers of mistaken identification. *See United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). Nevertheless, we decline in this case to depart from the holding in *People v. Lawson*, and hold that the trial court did not abuse its discretion in refusing to admit the proffered expert testimony. *See People v. District Court*, 647 P.2d 1206 (Colo. 1982).

### IV.

Beaver next contends that the trial court committed reversible plain error by failing to instruct the jury properly as to the elements of the crime of violence charge. We disagree.

■ Beaver raised this issue for the first time on appeal. Hence, the plain error standard applies. *People v. Frysig*, 628 P.2d 1004 (Colo.1981). In order for an error in jury instructions to constitute plain error, the instructions must have affected a substantial right, and there must be a reasonable possibility that the error contributed to the conviction. *People v. Rubanowitz*, 688 P.2d 231 (Colo.1984). Neither requirement is met here.

Beaver was charged with committing a crime of violence as defined in § 16–11–309(2)(a)(I), C.R.S. (1985 Cum.Supp.):

> " 'Crime of Violence' means a crime in which the defendant used, or possessed *and* threatened the use of, a deadly weapon during the commission ... of a sexual assault ... or second degree burglary...." (emphasis added)

■ Although the trial court incorrectly defined the elements of crime of violence as possessing *or* threatening the use of a deadly weapon, the particular element of the crime affected by the incorrect instruction was not at issue here. Beaver's defense was one of mistaken identification. He did not contest that a weapon had actually been used by someone in committing the crime. Hence, since that element of

the definition was not at issue, failure to instruct properly thereon does not constitute reversible error. *People v. Pearson*, 190 Colo. 313, 546 P.2d 1259 (1976); *People v. Cardenas*, 42 Colo.App. 61, 592 P.2d 1348 (1979).

### V.

Beaver's final contention is disposed of by the recent holding in *People v. Haymaker*, 716 P.2d 110 (Colo.1986).

The judgment is affirmed.

METZGER and SILVERSTEIN*, JJ., concur.