**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Earl William CAMPBELL,**
**Defendant–Appellant.**

**No. 87CA1955.**

Colorado Court of Appeals,
Div. I.

Nov. 30, 1989.

**154**

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and John Milton Hutchins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Miller, Hale & Harrison, Daniel C. Hale, Boulder, for defendant-appellant.

Opinion by Judge PIERCE.

Defendant, Earl William Campbell, appeals a judgment of conviction entered on a jury verdict finding him guilty of aggravated robbery, felony theft, and being an habitual criminal. We reverse and remand for a new trial.

## I.

Defendant contends that the trial court abused its discretion in finding that he waived his right to be present during trial and, therefore, in conducting the trial *in absentia*. We agree.

The right to be present in the courtroom at every stage of his trial is a fundamental constitutional right afforded a defendant under the Sixth Amendment. *Germany v. People*, 198 Colo. 337, 599 P.2d 904 (1979). Courts indulge every reasonable presumption against the waiver of fundamental constitutional rights. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Therefore, the record must affirmatively establish that waiver was knowing and intelligent. *People v. Arguello*, 772 P.2d 87 (Colo.1989).

It is the trial court's responsibility to ensure that a waiver is valid. *People v. Arguello, supra.* The preferred approach is for the trial court to provide an on-the-

record advisement prior to accepting the waiver. *People v. Mozee*, 723 P.2d 117 (Colo.1986). However, a reviewing court ascertaining the validity of a waiver must consider the totality of the circumstances, as evidenced by the record as a whole. *People v. Arguello, supra.*

Although a defendant's presence is usually required at every stage of the trial, Crim. P. 43(b)(1) provides that he shall be considered to have waived this right, and may be tried *in absentia*, whenever he "voluntarily absents" himself after the trial has been commenced in his presence.

Crim. P. 43(b)(1) is identical to the federal rule which is a codification of the rule set forth in *Diaz v. United States*, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). The Court in *Diaz* held that:

"[W]here the offense is not capital and the accused is *not in custody*, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his rights to be present, and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." (emphasis added)

The purpose of the rule is to prevent the frustration of a trial in progress by the escape or absconding of the defendant. *Cross v. United States*, 117 U.S.App.D.C. 56, 325 F.2d 629 (D.C.Cir.1963); *see Taylor v. United States*, 414 U.S. 17, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973) ("[T]here can be no doubt whatever that the government prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward.").

■ Here, defense counsel informed the court, prior to the commencement of trial, that defendant, who was in custody, refused to appear for trial. The trial court made no effort to bring defendant before it to determine if defendant knowingly intended to waive his right to be present. Rather, it found no good cause for a continuance and ruled that defendant had waived his right to be present by voluntarily absenting himself. On that basis, it ordered that the trial proceed in defendant's absence.

Defendant later appeared during voir dire, but then chose to return to the jail, in protest of what he considered to be unfair trial proceedings. Again, the trial court failed to inquire concerning defendant's understanding of the consequences of his decision.

We hold that, under these circumstances, the record fails to establish a voluntary, knowing, and intelligent waiver by defendant of his right to be present at trial. We cannot conclude that defendant's absence was harmless beyond a reasonable doubt, and therefore, defendant is entitled to a new trial. *Anaya v. People*, 764 P.2d 779 (Colo.1988).

Given our disposition of the foregoing issue, we address only those issues which are likely to arise upon retrial.

## II.

■ Defendant contends that the trial court erred by excluding expert testimony regarding the reliability of eyewitness identifications. We disagree.

Evidence concerning the reliability of eyewitness identification has been held to be within the realm of experience and common knowledge of jurors. Therefore, it is not error to exclude such evident. *People v. Beaver*, 725 P.2d 96 (Colo.App.1986) (applying CRE 702).

We reject defendant's contention that the issue of the admissibility of the evidence must be reconsidered in light of the holding in *People v. Hampton*, 746 P.2d 947 (Colo. 1987). The court in *Hampton* rejected the test set out in *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923) as the standard for determining the trustworthiness of expert testimony. Since the subject matter here is inappropriate for expert testimony, being a matter within the ken of the jury, we need not address the issue of its trustworthiness. *People v. Lawson*, 37 Colo.App. 442, 551 P.2d 206 (1976).

We agree that, by virtue of the *Hampton* ruling, the trial court erred in applying the *Frye* test; however, the result reached was correct under *People v. Beaver, supra,* and therefore it will be upheld on appeal. *Miller v. Mountain Valley Ambulance Service, Inc.,* 694 P.2d 362 (Colo.App.1984).

### III.

Defendant contends that a photo array used by the witnesses to identify defendant was impermissibly suggestive. We disagree.

■ A suggestive identification procedure mandates exclusion if the procedure, under the totality of the circumstances, gives rise to a substantial likelihood of misidentification. *People v. Holden,* 703 P.2d 603 (Colo.App.1985). We are not persuaded that defendant was the only person in the photo array who resembled a composite picture developed by the witnesses who identified the robber. Thus, we conclude that the record supports the trial court's finding that the photo array was not impermissibly suggestive.

■ We find no merit to defendant's argument that the identification is unreliable and therefore inadmissible because the witnesses had chosen other persons in previous line-ups. Any uncertainty goes to the weight of the testimony, not its admissibility. *People v. Reed,* 42 Colo.App. 275, 598 P.2d 148 (1979).

Defendant's remaining contentions are without merit.

The judgment is reversed, and the cause is remanded for a new trial.

METZGER and JONES, JJ., concur.