# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

576
KA 09-00308
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                        V                        MEMORANDUM AND ORDER

TERRY HILL, DEFENDANT-APPELLANT.
_____

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF
COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE
OF COUNSEL), FOR RESPONDENT.
_____

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered April 2, 2001.  The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, assault in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, robbery in the first degree (Penal Law § 160.15 [3]).  We reject defendant's contention that he was not afforded the opportunity to testify at trial and that he did not knowingly, voluntarily and intelligently waive his right to testify at trial.  Even assuming, arguendo, that defendant was not required to preserve that contention for our review, we conclude that it is without merit.  Defendant waived his constitutional right to be present at the material stages of the criminal proceedings when he requested to be excused from the last part of his trial (*see generally People v Epps*, 37 NY2d 343, 348-351, *cert denied* 423 US 999).  Prior to defense counsel's cross-examination of the final prosecution witness, defendant repeatedly requested to be excused from the proceedings and promised to cause a disruption if he was not allowed to leave.  Although County Court did not specifically ask defendant if he was waiving his right to testify, defendant's responses to the questions of the court demonstrated that he knowingly, voluntarily, and intelligently waived his right to be present at the remainder of the trial (*see id.* at 350).  Also, defense counsel indicated that she discussed defendant's request with him and that he wished to be excused from the remainder of his trial.  Although a court must " 'indulge every reasonable presumption against waiver' " of a constitutional right (*Johnson v Zerbst*, 304 US 458, 464), we conclude that defendant was well aware of the "likely consequence[]" that he

would not be able to testify based on his absence from the proceedings (*Brady v United States*, 397 US 742, 748) and that he thereby waived his right to testify (*see Taylor v United States*, 414 US 17, 19-20; *People v Menner*, 2 AD3d 650, *lv denied* 3 NY3d 678; *People v Price*, 240 P3d 557, 563 [Colo]).

Entered:  May 6, 2011                  Patricia L. Morgan
                                       Clerk of the Court