## TAYLOR v. UNITED STATES

No. 72–6915.   Decided November 5, 1973

PER CURIAM.

On the first day of his trial on four counts of selling cocaine in violation of 26 U. S. C. § 4705 (a) (1964 ed.), petitioner failed to return for the afternoon session.   He had been present at the expiration of the morning session when the court announced that the lunch recess would last until 2 p. m., and he had been told by his attorney to return to the courtroom at that time.   The judge recessed the trial until the following morning, but petitioner still did not appear.   His wife testified that she had left the courtroom the previous day with petitioner after the morning session; that they had separated after sharing a taxicab to Roxbury; that he had not appeared ill; and, finally, that she had not heard from him since.   The trial judge then denied a motion for mistrial by defense counsel, who asserted that the jurors' minds would be tainted by petitioner's absence and that continuation of the trial in his absence deprived him of his Sixth Amendment right to confront witnesses against him.   Relying

upon Fed. Rule Crim. Proc. 43,[1] which expressly provides that a defendant's voluntary absence "shall not prevent continuing the trial," the court found that petitioner had absented himself voluntarily from the proceedings.

Throughout the remainder of the trial, the court admonished the jury that no inference of guilt could be drawn from petitioner's absence. Petitioner was found guilty on all four counts. Following his subsequent arrest, he was sentenced to the statutory five-year minimum. The Court of Appeals affirmed the conviction, 478 F. 2d 681 (CA1 1973), and we now grant the motion for leave to proceed *in forma pauperis* and the petition for certiorari and affirm the judgment of the Court of Appeals.

There is no challenge to the trial court's conclusion that petitioner's absence from the trial was voluntary,[2] and no claim that the continuation of the trial was not authorized by Rule 43. Nor are we persuaded that Rule 43 is unconstitutional or that petitioner was deprived of any constitutional rights in the circumstances before us. Rule 43 has remained unchanged since the adoption of the Federal Rules of Criminal Procedure in 1945; and with respect to the consequences of the defendant's voluntary absence from trial, it reflects the long-

---

[1] Rule 43 provides, in pertinent part:

"The defendant shall be present at the arraignment, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by these rules. In prosecutions for offenses not punishable by death, the defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial to and including the return of the verdict."

[2] Following an independent review of the transcripts from the trial and sentencing hearing, the Court of Appeals also concluded that petitioner knew that he was entitled to be present in court during every stage of his trial and that his absence was a product of his voluntary choice. 478 F. 2d 689, 691 n. 4 (1973).

standing rule recognized by this Court in *Diaz* v. *United States,* 223 U. S. 442, 455 (1912):

> "[W]here the offense is not capital and the accused is not in custody, the prevailing rule has been, that if, after the trial has begun in his presence, he voluntarily absents himself, this does not nullify what has been done or prevent the completion of the trial, but, on the contrary, operates as a waiver of his right to be present and leaves the court free to proceed with the trial in like manner and with like effect as if he were present." (Citations omitted.)

Under this rule, the District Court and the Court of Appeals correctly rejected petitioner's claims.

Petitioner, however, insists that his mere voluntary absence from his trial cannot be construed as an effective waiver, that is, "an intentional relinquishment or abandonment of a known right or privilege," *Johnson* v. *Zerbst,* 304 U. S. 458, 464 (1938), unless it is demonstrated that he knew or had been expressly warned by the trial court not only that he had a right to be present but also that the trial would continue in his absence and thereby effectively foreclose his right to testify and to confront personally the witnesses against him.[3]

---

[3] This was substantially the holding of *United States* v. *McPherson,* 137 U. S. App. D. C. 192, 195, 421 F. 2d 1127, 1130 (1969), on which petitioner relies. But the Court of Appeals in the case now before us disagreed with *McPherson,* and, in our view, rightly so. *McPherson* itself appears to have strayed from recent precedent in the District of Columbia Circuit, *Cureton* v. *United States,* 130 U. S. App. D. C. 22, 396 F. 2d 671 (1968), as well as from older authority. See *Falk* v. *United States,* 15 App. D. C. 446, 454–461 (1899). In *Cureton, supra,* Judge Fahy stated the controlling rule:

"[I]f a defendant at liberty remains away during his trial the court may proceed provided it is clearly established that his absence is voluntary. He must be aware of the processes taking place, of his right and of his obligation to be present, and he must have no

Like the Court of Appeals,. we cannot accept this position. Petitioner had no right to interrupt the trial by his voluntary absence, as he implicitly concedes by urging only that he should have been warned that no such right existed and that the trial would proceed in his absence. The right at issue is the right to be present, and the question becomes whether that right was effectively waived by his voluntary absence. Consistent with Rule 43 and *Diaz*, we conclude that it was.

It is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial, see *Stack* v. *Boyle*, 342 U. S. 1, 4–5 (1951), entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us, as it did to the Court of Appeals, "that a defendant who flees from a courtroom in the midst of a trial—where judge, jury, witnesses and lawyers are present and ready to continue—would not know that as a consequence the trial could continue in his absence." 478 F. 2d, at 691. Here the Court of Appeals noted that when petitioner was questioned at sentencing regarding his flight, he never contended that he was unaware that a consequence of his flight would be a continuation of the trial without him. Moreover, no issue of the voluntariness of his disappearance was ever raised. As was recently noted, "there can be no doubt whatever that the governmental prerogative to proceed with a trial may not be defeated by conduct of the accused that prevents the trial from going forward." *Illinois* v. *Allen*, 397 U. S. 337, 349 (1970) (BRENNAN, J., concurring). Under the circumstances present here, the Court of Appeals properly applied Rule 43 and affirmed the judgment of conviction.

*Affirmed.*

---

sound reason for remaining away." 130 U. S. App. D. C., at 27, 396 F. 2d, at 676 (citation omitted).