16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Ples MAYS, Petitioner-Appellant,
v.
Dennis BAKER, Warden, Respondent-Appellee.
 No. 93-3802.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1994.
 
 Before: GUY and SILER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Ples Mays, a pro se Ohio prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Appellee has informed the court that he will not be filing a brief.
 
 
 2
 In 1985, a jury convicted Mays of felonious assault with a gun specification and two counts of receiving stolen property. He was found not guilty of attempted murder. Mays was sentenced to three years of incarceration on the gun specification, four to fifteen years on the felonious assault charge, and one year on each of the two receiving stolen property counts. The firearm sentence was to run consequtively to all other sentences. The remaining sentences were to be concurrently served. In his direct appeal, Mays raised four grounds for relief. The Ohio Court of Appeals affirmed the convictions and the Ohio Supreme Court denied Mays leave to appeal.
 
 
 3
 Mays then filed a petition to vacate or set aside his sentence in the Cuyahoga County (Ohio) Common Pleas Court raising multiple grounds for relief. The petition was denied and the Ohio appellate courts affirmed. Mays then filed his petition for habeas relief contending that: (1) evidence used during the trial was obtained as a result of an unconstitutional search and seizure; (2) the conviction was obtained by use of evidence seized pursuant to an unlawful arrest; (3) the conviction violated his right against double jeopardy; (4) his attorney was ineffective; (5) the prosecutor failed to disclose favorable evidence; (6) he was denied his right to a speedy trial; and (7) he was denied his right to a fair trial. Upon de novo review of a magistrate judge's report, the district court dismissed the petition as meritless.
 
 
 4
 In his timely appeal, Mays reiterates the arguments that he presented to the district court. He requests oral argument and has moved for the appointment of counsel and bail pending appeal.
 
 
 5
 A de novo review of the record shows that Mays received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 6
 Mays's Fourth Amendment arguments were fully litigated in the Ohio state courts, and hence, he may not receive habeas relief on this issue. See Stone v. Powell, 428 U.S. 465, 494-95 (1976). Furthermore, Mays received a fair trial because his absence from the middle of his trial was a result of his voluntary actions. See Taylor v. United States, 414 U.S. 17, 20 (1973). Finally, Mays's remaining issues are procedurally barred from consideration. Because Mays was procedurally barred from pursuing these issues in state court, he must establish cause and prejudice to excuse his procedural default before a federal court may review the merits of these issues. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). Mays has not satisfied this burden, nor has he shown that he is actually innocent so as to excuse the cause and prejudice requirement. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 7
 Accordingly, we deny the request for oral argument, deny all pending motions, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.