Avon **DAVIES, Petitioner–Appellant,**

v.

James **GOMEZ, Warden, Respondent–Appellee.**

No. 01–15374.

D.C. No. CV–96–01163–WBS.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 7, 2002.*

Decided Oct. 10, 2002.

---

Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM **

Avon Davies, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), and we affirm.

First, Davies contends that the trial court erred by failing to substitute counsel. As a result, he argues that he received ineffective assistance and there were irreconcilable differences because counsel: 1) chose a theory of defense that differed from his preferred theory, 2) refused to obtain a second psychiatric evaluation, and 3) had a conflict of interest.[1] We disagree.

Davies' contention stems from a disagreement with counsel over trial tactics, and he fails to overcome the presumption that counsel's decisions were the result of reasonable trial strategies. *See Strickland v. Washington*, 466 U.S. 668, 689–91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Davies also fails to demonstrate an actual conflict of interest that adversely affected counsel's performance. *See Cuyler v. Sullivan*, 446 U.S. 335, 348–49, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Finally, Davies' irreconcilable differences arose from disputes regarding trial strategy, and were caused mostly by Davies himself. *See Hudson v. Rushen*, 686 F.2d 826, 831–32 (9th Cir. 1982) (affirming denial of substitution motion based on ineffective assistance of counsel when breakdown of communication was caused by defendant's voluntary conduct). We reject the notion that counsel was ineffective and accordingly, this contention fails. In light of this conclusion, we also reject Davies' second contention that he was denied his fundamental right to present his theory of defense. *Cf. United States v. Wadsworth*, 830 F.2d 1500, 1509 (9th Cir.1987) ("counsel ... is in charge of the choice of trial tactics and the theory of defense").

Third, Davies contends that he was denied the right to be present at trial. We disagree. The record shows that Davies waived his presence by voluntarily absenting himself from trial. *Cf. Taylor v. United States*, 414 U.S. 17, 19–20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973) (per curiam) (discussing waiver by voluntary absence).

Finally, Davies contends that he was denied his right to testify at trial. This contention also fails. The record demonstrates that Davies waived this right by refusing to leave the jail even after counsel informed him that it would be his last opportunity to testify. *See, e.g., United States v. Joelson*, 7 F.3d 174, 177 (9th

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Davies' argument that counsel failed to subject the prosecution's case to meaningful adversarial testing has not been exhausted and is now procedurally defaulted. Therefore, we do not address it. *See Reese v. Baldwin*, 282 F.3d 1184, 1190 (9th Cir.2002).

Cir.1993) (stating that a defendant's waiver of his right to testify may be inferred from his failure to testify).

Accordingly, the district court properly denied Davies' section 2254 petition because the state court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. *See Van Tran v. Lindsey,* 212 F.3d 1143, 1149 (9th Cir.2000).[2]

AFFIRMED.

---

**2.** Davies' motion for leave to file late brief is granted. The Clerk is directed to file appellant's reply brief.

