**Rickey Vernon CARTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 14–02–00322–CR, 14–02–00323–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 13, 2003.

---

Floyd W. Freed, III, Spring, for appellants.

Peyton Peebles III, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices FOWLER and EDELMAN.

## OPINION

SCOTT BRISTER, Chief Justice.

Appellant was charged with two felony counts of aggravated sexual assault of his 12–year–old stepdaughter. A jury found him guilty, and after he elected to be sentenced by the trial court, he was assessed concurrent 75–year sentences.

Appellant's only complaint in this appeal is that his counsel was ineffective in allowing him to sleep during trial. To succeed on his complaint, appellant must demonstrate both objectively deficient performance by his attorney and a reasonable probability of prejudice. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *Mitchell v. State,* 68 S.W.3d 640, 642 (Tex. Crim.App.2002). Because he fails to do the former, we do not reach the latter.

Generally, defense attorneys cannot be ineffective when they have no duty to act. *See Ex Parte Morrow,* 952 S.W.2d 530, 536–37 (Tex.Crim.App.1997) (holding counsel not ineffective as he had no duty to advise defendant of collateral consequences of guilty plea). Neither party cites any case suggesting attorneys are responsible for keeping their clients awake during trial. It is clear an accused who voluntarily absents himself from trial waives the right to be present. *See* TEX. CODE CRIM. PROC. art. 33.03; *Taylor v. United States,* 414 U.S. 17, 19, 94 S.Ct. 194, 195, 38 L.Ed.2d 174 (1973) (per curiam) (finding it "incredible" that accused needed to be warned to attend trial, or of consequences if he did not). Appellant does not explain why there should be one rule for those who make a conscious decision to leave trial, and a different one for those whose decision is simply to leave consciousness during trial.

But we need not decide today whether such a duty exists because, even assuming it does, appellant has not presented a sufficient record for us to make such a determination in this case. An ineffectiveness claim must be firmly founded in the record. *See Thompson v. State,* 9 S.W.3d

808, 813 (Tex.Crim.App.1999). Here, there was no motion for new trial or other record showing why appellant was sleeping. Nor was defense counsel (who apparently tried to keep appellant awake)[1] given an opportunity to explain what he did and why. *See Bone v. State,* 77 S.W.3d 828, 836 (Tex.Crim.App.2002). While the court reporter helpfully noted 45 instances when appellant was snoring or slumped face-down on counsel table, only infrequently did she note (perhaps because they were not audible activities) when appellant *stopped* snoring or woke up. Clearly he did so, as he sometimes talked to his counsel so loudly that the reporter noted the discussion or the state objected to the distraction.

Because the relevant facts are not fully reflected in the record, the proper method for raising appellant's complaint is by collateral attack rather than direct appeal. *Id.* at 813–14. We overrule appellant's complaints. The judgment is affirmed.

---

[1]. TRIAL COUNSEL: I want the record to reflect that since the opening of trial and through today's date my client, Ricky Carter, has been sleeping most all of the time except times when I would have to reach over and wake him up. Just prior to the jury leaving he had placed his head all the way down to the counsel table. I woke him up several times just on these—just as the witnesses that the State put on this morning—

THE PROSECUTOR: He's standing up right now snoring, snoring so the jury could hear him.

TRIAL COUNSEL: And even during the course of the trial when the snoring got too loud then I would have to turn and wake him up to keep him from disturbing the course of trial.