Affirmed and Opinion filed _____________, 2002
















Affirmed and Opinion
filed February 13, 2003.                                                           

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00322-CR

NO. 14-02-00323-CR  

____________

 

RICKEY VERNON
CARTER, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the 339th District Court

                                                           Harris
 County, Texas                       

Trial Court Cause
Nos. 872,025 and 872,026




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I
O N

Appellant was
charged with two felony counts of aggravated sexual assault of his 12-year-old
stepdaughter.  A jury found him guilty,
and after he elected to be sentenced by the trial court, he was assessed
concurrent 75-year sentences.  

Appellant’s only
complaint in this appeal is that his counsel was ineffective in allowing him to
sleep during trial.  To succeed on his
complaint, appellant must demonstrate both objectively deficient performance by
his attorney and a reasonable probability of prejudice.  See Strickland
v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2064–65 (1984); Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  Because he fails to do the former, we do not
reach the latter.

Generally,
defense attorneys cannot be ineffective when they have no duty to act. See Ex Parte Morrow, 952 S.W.2d 530,
536–37 (Tex. Crim. App. 1997) (holding counsel not ineffective as he had no
duty to advise defendant of collateral consequences of guilty plea).  Neither party cites any case suggesting attorneys
are responsible for keeping their clients awake during trial.  It is clear an accused who voluntarily
absents himself from trial waives the right to be present.  See
Tex. Code Crim. Proc. art. 33.03;
Taylor v. United States, 414 U.S.
17, 19; 94 S. Ct. 194, 195 (1973) (per curiam) (finding it “incredible” that accused needed to be warned to attend trial, or of
consequences if he did not).  Appellant
does not explain why there should be one rule for those who make a conscious
decision to leave trial, and a different one for those whose decision is simply
to leave consciousness during trial. 

But we need not
decide today whether such a duty exists because, even assuming it does,
appellant has not presented a sufficient record for us to make such a determination
in this case.  An ineffectiveness claim
must be firmly founded in the record.  See Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).   Here, there was no motion for new trial or
other record showing why appellant was sleeping.  Nor was defense counsel (who apparently tried
to keep appellant awake)[1] given
an opportunity to explain what he did and why.  See Bone
v. State, 77 S.W.3d 828, 836 (Tex.
Crim. App. 2002).  While the court reporter
helpfully noted 45 instances when appellant was snoring or slumped face-down on
counsel table, only infrequently did she note (perhaps because they were not
audible activities) when appellant stopped
snoring or woke up.  Clearly he did so,
as he sometimes talked to his counsel so loudly that the reporter noted the
discussion or the state objected to the distraction.

Because the relevant facts are not fully reflected in
the record, the proper method for raising appellant’s complaint is by
collateral attack rather than direct appeal. 
Id.
at 813–14.  We overrule
appellant’s complaints.  The judgment is
affirmed.

                                                                                                                                                                                                                                                

                                                            /s/        Scott Brister

                                                                        Chief
Justice

 

Judgment
rendered and Opinion filed February 13,
 2003.

Panel
consists of Chief Justice Brister and Justices Fowler and Edelman.

Publish
— Tex. R. App. P. 47.2(b).

 











[1]
TRIAL COUNSEL:             I want the
record to reflect that since the opening of trial and through today’s date my
client, Ricky Carter, has been sleeping most all of the time except times when
I would have to reach over and wake him up. 
Just prior to the jury leaving he had placed his head all the way down
to the counsel table.  I woke him up
several times just on these -- just as the witnesses that the State put on this
morning -- 

   

   THE PROSECUTOR:        He’s standing up right now snoring, snoring so the jury could
hear him.

 

   TRIAL COUNSEL:            And even during the course of the trial when the snoring
got too loud then I would have to turn and wake him up to keep him from
disturbing the course of trial.