### UNITED STATES Of America, Plaintiff—Appellee,

v.

### Charles Wesley HELEM, Defendant— Appellant.

#### No. 05–50275.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 3, 2006.

Decided May 26, 2006.

Craig H. Missakian, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff—Appellee.

Alan I. Rubin, Esq., Adelson and Rubin, Los Angeles, CA, for Defendant—Appellant.

Before: D.W. NELSON and O'SCANNLAIN, Circuit Judges, and JONES,* District Judge.

### MEMORANDUM **

Charles Wesley Helem appeals his conviction for assaulting a fellow inmate with

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

\* The Honorable Robert C. Jones, District Judge for the District of Nevada, sitting by designation.

\** This disposition is not appropriate for publication and may not be cited to or by the

a dangerous weapon in violation of 18 U.S.C. § 113(a)(3).[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. The facts are known to the parties and will not be repeated here.

The district court did not erroneously determine that Helem waived his right to be present for the third day of his trial. *See Taylor v. United States,* 414 U.S. 17, 20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973).

The district court did not violate Helem's Fifth Amendment rights by permitting the prosecution to comment on his failure to tell prison officials that the victim had started the fight. A prosecutor may use a defendant's pre-arrest pre-*Miranda* silence as evidence of substantive guilt. *See Brecht v. Abrahamson,* 507 U.S. 619, 628, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The fact that Helem was incarcerated for an unrelated offense when he committed the instant offense did not render him "in custody" for purposes of whether his silence may be admissible against him. *Cf. United States v. Muniz,* 684 F.2d 634, 638–39 (9th Cir.1982).

The government conceded at oral argument that the district court's imposition of a non-treatment drug testing supervised released condition that *failed to state the maximum number of drug tests constituted an impermissible* delegation of the court's statutory duty under 18 U.S.C. § 3583(d). *See United States v. Stephens,* 424 F.3d 876, 883–84 (9th Cir.2005).

The government also conceded at oral argument that the district court erroneously consulted U.S.S.G. § 5G1.3(a) instead of U.S.S.G. § 5G1.3(c) when it decided to impose a consecutive rather than concurrent or partially concurrent sentence. We conclude that this error was not harmless. Because the district court failed to consult § 5G1.3(c), we cannot confidently conclude that the district court considered the appropriate factors when deciding whether to impose a wholly concurrent, partially concurrent, or consecutive sentence.

Accordingly, we AFFIRM Helem's conviction but REVERSE and REMAND for re-sentencing as to the non-treatment drug testing supervised release condition and as to the determination to impose Helem's sentence concurrently, partially concurrently, or consecutively to his undischarged term of imprisonment.

---

1. We grant the government's unopposed motion to file an amended brief.