**Monroe CHARLES, Sr., Petitioner—Appellant,**

v.

**Craig FARWELL; et al., Respondents—Appellees.**

No. 06–15830.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2008.*

Filed Jan. 17, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lori C. Teicher, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Charles Monroe, Sr., Lovelock, NV, pro se.

Heather D. Procter, Esq., Office of the Nevada Attorney General, Carson City, NV, for Respondents–Appellees.

Before: KLEINFELD, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Monroe Charles, a Nevada state prisoner, appeals from the district court's denial of his federal habeas petition. We affirm.

Charles contends that he was denied the right to confront witnesses when his trial proceeded without him after he failed to return from the lunch recess. The Confrontation Clause guarantees an accused the right to be present at every stage of his trial. *See Illinois v. Allen,* 397 U.S. 337, 338, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). This right may be waived, however, by a defendant who voluntarily absents himself from trial. *See Diaz v. United States,* 223 U.S. 442, 455, 32 S.Ct. 250, 56 L.Ed. 500 (1912); *Taylor v. United States,* 414 U.S. 17, 18–20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973). The state court made a finding of fact that Charles' absence was voluntary, caused by his consumption of "enough alcohol to become quite intoxicated." A state court's factual findings are

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

presumed correct unless rebutted by clear and convincing evidence. *Gonzalez v. Pliler,* 341 F.3d 897, 903 (9th Cir.2003); 28 U.S.C. § 2254(e)(1). Charles has not met this threshold; therefore, presuming the state court's voluntariness determination to be correct, we conclude that Charles waived his right to be present at trial and confront witnesses against him. *See Taylor,* 414 U.S. at 20, 94 S.Ct. 194.

 Charles also contends that he received ineffective assistance of counsel because his attorneys failed to investigate his psychiatric background and have him evaluated for competence prior to trial. To demonstrate that he received constitutionally ineffective assistance of counsel, Charles must show that his attorneys' performance fell below an objective standard of reasonableness and that there is a reasonable probability that the outcome of the proceeding would have been different were it not for his attorneys' errors. *Strickland v. Washington,* 466 U.S. 668, 688–89, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Charles has not demonstrated that counsel were unreasonable in declining to seek a competency hearing. Moreover, Charles has not shown a reasonable probability that he would have been found incompetent had the evaluation taken place before trial. Having failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of, *Strickland v. Washington,* Charles is not entitled to federal habeas relief. 28 U.S.C. § 2254(d)(1).

AFFIRMED.