**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID GEORGE CHANDLER, | No. 09-35019 |
| Petitioner - Appellant, | D.C. No. 3:06-cv-01777-PK |
| v. | |
| SHARON BLACKETTER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Submitted February 1, 2010[**]
Seattle, Washington

Before: RYMER, GOULD and BYBEE, Circuit Judges.

Petitioner David George Chandler ("Chandler") seeks habeas corpus relief

from his conviction in Oregon state court. We review the district court's denial of

habeas relief de novo. *Bribiesca v. Galaza*, 215 F.3d 1015, 1018 (9th Cir. 2000).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Chandler carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief, *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002), and is only entitled to such relief if the state court decision he challenges was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Since Chandler has failed to identify any clearly established federal law, as determined by the Supreme Court, holding that a defendant's Sixth Amendment right to counsel cannot be forfeited through particularly egregious conduct, the district court properly denied his application.

Although the Supreme Court has never directly held that the right to counsel can be forfeited, the Court has also never held to the contrary, and has held that another fundamental Sixth Amendment right—the right to be present at one's own trial—can be forfeited through misconduct. *See Taylor v. United States*, 414 U.S. 17, 19-20 (1973) (per curiam); *Illinois v. Allen*, 397 U.S. 337, 342-43 (1970). Between Chandler's progression of court-appointed attorneys—all of whom were apparently discharged due to Chandler's machinations—and Chandler's own boast that he "kn[e]w of many ways to drag this on indefinitely, and . . . w[ould] not hesitate to do so" in a letter to the prosecutor, there was ample evidence indicating

that Chandler, like the defendant in *Allen*, was engaging in "conduct . . . to avoid being tried on the charges brought against him."  *Allen*, 397 U.S. at 346.

Most importantly, Chandler has failed to identify—and we cannot find—any Supreme Court case clearly establishing that the right to counsel cannot be forfeited through a defendant's misconduct.  *See* 28 U.S.C. § 2254(d)(1); *Crater v. Galaza*, 491 F.3d 1119, 1123 (9th Cir. 2007) ("[I]f habeas relief depends upon the resolution of an 'open question in [Supreme Court] jurisprudence,' § 2254(d)(1) precludes relief." (quoting *Carey v. Musladin*, 549 U.S. 70, 76 (2006)).

**AFFIRMED.**