**Glenford G. THOMPSON, Appellant**

v.

**Jeffrey A. BEARD, Secretary Pennsylvania Department of Corrections; The Attorney General of the State of Pennsylvania.**

No. 09–3757.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 10, 2011.

Filed: Feb. 14, 2011.

---

Mark Diamond, Esq., Parkesburg, PA, for Appellant.

Christopher D. Carusone, Esq., Office of Attorney General of Pennsylvania, Harrisburg, PA, Robert M. Wolff, Esq., Pennsylvania Department of Corrections Office of Chief Counsel, Camp Hill, PA, for Jeffrey Beard.

Before: JORDAN, GREENAWAY, JR., and GARTH, Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

Glenford G. Thompson was convicted in the Pennsylvania Court of Common Pleas of twenty-five criminal charges, many of which were drug-related. He appeals from an order of the United States District Court for the Eastern District of Pennsylvania approving and adopting the Report and Recommendation ("R & R") of United States Magistrate Judge Timothy R. Rice and denying Thompson's Petition for a Writ of Habeas Corpus.[1] We granted a certificate of appealability because of initial concerns about the Pennsylvania Superior Court's characterization of the trial record in proceedings on appeal and in a PCRA petition before that court. The Pennsylvania Superior Court affirmed the denial of post-conviction relief. However, having reviewed the record and the relevant opinions, we are persuaded that the decision to deny Thompson post-conviction relief was not "contrary to, . . . [or] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *McMullen v. Tennis*, 562 F.3d 231, 236 (3d Cir.2009).

On appeal, we are concerned with only two of Thompson's arguments for postconviction relief: that he should not have been compelled to proceed pro se at trial and that he suffered from ineffective assistance

---

1. Because we write only for the parties, we assume their familiarity with the facts of this case and do not recount them here. We direct parties interested in those facts to Judge Rice's R & R, *Thompson v. Beard*, 2009 WL 2568277 (E.D.Pa. Aug. 18, 2009).

of counsel due to his counsel withdrawing shortly before trial.

■ With respect to proceeding pro se, the Supreme Court has held that a defendant may validly waive his Sixth Amendment right to counsel so long as such waiver is knowing and voluntary and accompanied by the court ensuring that the defendant is aware of the risks of proceeding pro se. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). The Supreme Court has also held more generally that a defendant may, through his conduct, forego his Sixth Amendment rights. *See Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (holding that a defendant's Sixth Amendment right to be present at trial was not violated when he was removed from the courtroom for disruptive behavior); *Taylor v. United States*, 414 U.S. 17, 20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973) (upholding trial court's decision to proceed with trial when defendant failed to return following a recess). The trial court's holding that Thompson had effectively waived his Sixth Amendment right to counsel by persisting in his dilatory and obstructionist conduct after being warned of the risks of proceeding pro se, and that such conduct would result in him proceeding pro se at trial was not contrary to, or an unreasonable application of, Supreme Court precedent. Accordingly, while the Superior Court's affirmance of that holding was imprecise, it does not support a grant of habeas relief.

■ With respect to Thompson's ineffective assistance of counsel claim, the Supreme Court has held that, to succeed on such a claim, a defendant must show that (1) his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment" and (2) the deficient performance "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Superior Court's ruling that Thompson suffered no prejudice from his counsel's withdrawal because, by his conduct, he had waived counsel was not contrary to, or an unreasonable application of, the Supreme Court's decision in *Strickland*. Accordingly, that ruling does not support a grant of habeas relief. Moreover, because Thompson was given the opportunity to appoint new counsel or have new counsel appointed by the court, his argument that counsel's withdrawal forced him to proceed pro se is without merit.

We will affirm the judgment of the District Court substantially for the reasons set forth in Judge Rice's thorough and thoughtful R & R, which the District Court rightly adopted.