NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 27, 2012[*]
Decided June 28, 2012

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 11-1614

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> BRIAN K. SMALL, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. <br><br> No. 09 CR 50016 <br><br> Frederick J. Kapala, <br> *Judge.* |

**O R D E R**

Brian Small, who believes he is a nontaxable "sovereign citizen," appeals pro se from a jury verdict finding him guilty of tax evasion, *see* 26 U.S.C. § 7201, and failing to file tax returns, *see* 26 U.S.C. § 7203. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In 2003 and 2005 Small gave his employer documents resembling Internal Revenue Service Form W-4, on which he claimed to be exempt from federal income taxes. For these years (2003 through 2005) his employer did not withhold federal income tax from his wages, and Small did not file federal tax returns. He did file a 2006 return—two years late—upon learning that he was being investigated by the IRS. Altogether Small failed to pay about $55,000 in federal income taxes. He eventually was charged with four counts each of tax evasion and failing to file tax returns between 2003 and 2006.

The case proceeded to trial, and Small's participation was unconventional. Small, who insisted on representing himself, stayed in the spectators' section of the courtroom (out of a belief that advancing to the defense table would give the district court "jurisdiction" over him). Small described himself as the "executor of an estate" that he had established in his own name; this estate, he said, was the party actually charged and could not be prosecuted without his written authority. Small declined to participate meaningfully in the proceedings and left the courtroom before closing arguments. The jury found him guilty on all counts, and the judge sentenced him to concurrent prison terms of 21 months and 12 months, respectively, on each of the tax evasion and failure-to-file counts.

On appeal, Small argues that the district court improperly asserted subject-matter jurisdiction over his case because, he says, the federal criminal jurisdiction statute, 18 U.S.C. § 3231, was passed without a quorum in the House of Representatives and is therefore invalid. But Small's argument is foreclosed by the "enrolled-bill rule," under which a bill certified by the presiding officer of each chamber—as was the case with § 3231, *see* 94 CONG. REC. 568 (1948)—is "complete and unimpeachable." *See Marshall Field & Co. v. Clark*, 143 U.S. 649, 672 (1892); *United States v. Thomas*, 788 F.2d 1250, 1252 (7th Cir. 1986); *United States v. Farmer*, 583 F.3d 131, 151–52 (2d Cir. 2009); *Public Citizen v. U.S. Dist. Court for Dist. of Columbia*, 486 F.3d 1342, 1349–50 (D.C. Cir. 2007).

Small next argues that his conviction should be vacated because, he says, the prosecution failed to satisfy an unspecified statute requiring it to obtain approval from the Attorney General before prosecuting tax cases. Small seems to have in mind provisions of the United States Attorneys' Manual, which indeed require the Department of Justice's Tax Division to approve Title 26 prosecutions that result from grand jury investigations. *See* United States Attorneys' Manual, §§ 6-4.010, 6-2.000, 6-4.200; *see also* 28 C.F.R. § 0.70; *United States v. Benson*, 941 F.2d 598, 612 (7th Cir. 1991). But Small has not shown that the government here failed to secure this approval, and in any event the U.S. Attorneys' Manual does not confer substantive rights. *See* United States Attorneys' Manual, § 1-1.00; *United States v. Schwartz*, 787 F.2d 257, 267 (7th Cir. 1986); *United States v. Lopez-Matias*, 522 F.3d 150, 155 n.11 (1st Cir. 2008).

Small also hints at a due-process violation when he challenges the district court's decision to allow the proceedings to continue upon his departure from the courtroom before the government's closing argument. It is true that Small had a due process right to be present at his trial, *see Kentucky v. Stincer*, 482 U.S. 730, 745 (1987); *United States v. Benabe*, 654 F.3d 753, 768 (7th Cir. 2011), but his choice to absent himself from the proceedings waived this right. *See Benabe*, 654 F.3d at 768 (citing *Taylor v. United States*, 414 U.S. 17, 18–19 (1973); *Diaz v. United States*, 223 U.S. 442, 455 (1912)); *see also* FED. R. CRIM. P. 43(c)(1)(A).

Small suggests that the district court failed to comply with the Court Reporter Act, 28 U.S.C. § 753(b), by furnishing him with trial transcripts that were somehow incomplete. This claim fails, however, because Small fails to demonstrate prejudice as a result of the alleged omissions. *See United States v. Nolan*, 910 F.2d 1553, 1560 (7th Cir. 1990); *United States v. Weisser*, 417 F.3d 336, 342 (2d Cir. 2005).

Small lastly maintains that paying federal income taxes is optional, but federal courts have roundly rejected such arguments. *See, e.g., United States v. Raymond*, 228 F.3d 804, 812 (7th Cir. 2000); *United States v. Sloan*, 939 F.2d 499, 500–01 (7th Cir. 1991); *United States v. Middleton*, 246 F.3d 825, 841 (6th Cir. 2001).

Small's remaining arguments are frivolous and do not warrant further discussion.

AFFIRMED.