BARRINGTON D. PARKER, Circuit Judge,
concurring in the judgment:
I agree that Grayton had a clearly established right to be present at his Geraci hearing. People v. Geraci, 85 N.Y.2d 359, 367, 625 N.Y.S.2d 469, 649 N.E.2d 817 (1995). I write separately to emphasize that, in my view, this right is essentially a Sixth Amendment Confrontation Clause right. Compare Majority Op. at 172 (stating that Grayton’s “presence is guaranteed by due process.”). Like most trial rights, it is subject to waiver. See Peretz v. United States, 501 U.S. 923, 936, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991). However, because it is not clearly established federal law that defendants must participate personally in the waiver, it was not unreasonable for the Appellate Division to conclude that counsel could, and did, waive his client’s right to be present at the hearing. Accordingly, I concur in the judgment.
In United States v. Gagnon, 470 U.S. 522, 526, 105 S.Ct. 1482, 84 L.Ed.2d 486 (1985) (per curiam), the Supreme Court held that a defendant’s right to be to present at trial — and to confront evidence and cross examine witnesses — is rooted in the Confrontation Clause. The Court went on to note that the right is also protected by the Due Process Clause in situations where a defendant is not actually confronting witnesses or evidence against him. Id.; see also United States v. Jones, 381 F.3d 114, 121-22 (2d Cir.2004) (same). Two years later in Kentucky v. Stincer, 482 U.S. 730, 739-45, 107 S.Ct. 2658, 96 L.Ed.2d 631 (1987), the Supreme Court elaborated the test for identifying the constitutional source of the right to be present at a given stage of trial. The Supreme Court held that the Sixth Amendment is the source of the right if the defendant’s exclusion would interfere with his opportunity for effective cross-examination. Id. at 739, 107 S.Ct. 2658; see 744 n. 17, 107 S.Ct. 2658 (“The appropriate question [in assessing a Sixth Amendment right to be present] is whether there has been any interference with the defendant’s opportunity for effective cross-examination.”). The Court then noted that, if the right to confront and cross examine is not implicated, the question becomes one under the Due Process Clause: whether a defendant’s “presence has a relation, reasonably substantial, to the fulness of his opportunity to defend against the charge.” Id. at 745, 107 S.Ct. 2658 (quoting Snyder v. Massachusetts, 291 U.S. 97, 105-106, 54 S.Ct. 330, 78 L.Ed. 674 (1934)). Applying these tests, the Supreme Court found no Sixth Amendment violation in the defendant’s exclusion from a hearing concerning the competency of a prospective child witness because the defendant retained the opportunity to cross-examine the witness — repeating all of the questions asked in his absence — during trial. Id. at 741, 744, 107 S.Ct. 2658. Likewise, the Court found no due process violation in the defendant’s exclusion from the competency hearing because the defendant’s presence would not have been “useful.” Id. at 747, 107 S.Ct. 2658. The Supreme Court has not retreated from these principles.
Because this appeal implicates the opportunity for effective cross-examination rather than a generalized “full opportunity to defend,” the analysis is driven, in my view, by Confrontation Clause jurisprudence. Although the Confrontation and *180 the Due Process Clauses may provide somewhat overlapping protections, in practice they operate quite differently. The ultimate goal of the Confrontation Clause “is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands ... that reliability be assessed in a particular manner: by testing in the crucible of cross-examination.” Crawford v. Washington, 541 U.S. 36, 61, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). As the Supreme Court went on to note, “[w]here testimonial statements are involved, we do not think the Framers meant to leave the Sixth Amendment’s protection to the vagaries of the rules of evidence, much less to amorphous notions of reliability.” Id. (internal quotation marks omitted). In contrast, what satisfies due process is not so focused and is subject to a wider range of reasonable judgments. See Snyder, 291 U.S. at 117, 54 S.Ct. 330 (“What is fair in one set of circumstances may be an act of tyranny in others.”). This difference takes on special importance on habeas review because “the range of reasonable judgment[s]” a state court may exercise in applying federal law “can depend in part on the nature of the relevant rule.” Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004).
A finding of misconduct at a Geraci hearing extinguishes a defendant’s Confrontation Clause rights, leading to the admission of unconfronted testimony from a threatened witness. A Geraci hearing is a “truth-seeking process” at which questions of fact are decided through evidence. Geraci 85 N.Y.2d at 367, 625 N.Y.S.2d 469, 649 N.E.2d 817. To initiate a Geraci hearing, the government alleges specific facts that “demonstrate a distinct possibility that a criminal defendant’s misconduct has induced a witness’ unlawful refusal to testify ... [or] disappearance or demise.” Id. at 363, n. 1, 625 N.Y.S.2d 469, 649 N.E.2d 817 (internal quotation marks and alterations omitted). If, as here, the court concludes that the defendant procured the witness’ unavailability through his intentional misconduct, the unavailable witness’ prior, unconfronted testimony may be admitted in lieu of live, confronted testimony.[1]
It is obvious that Grayton’s absence from the Geraci hearing interfered with his opportunity for effective cross-examination. As a direct consequence of the trial court’s finding of misconduct, Jessica Osario’s incriminating grand jury testimony was read to the jury as evidence of guilt. Indeed, these circumstances present a quintessential example of interference with an opportunity for cross examination: the hearing concerned Grayton’s future right to cross-examine a witness at trial, and his right was deemed lost based on evidence presented at a hearing he was not permitted to attend.[2] Like the majority, I conclude that Grayton had a clearly *181 established federal constitutional right to be present at the Geraci hearing. But I believe this right is guaranteed by the Sixth Amendment, a conclusion in conformity with a number of recent Supreme Court cases examining the Confrontation Clause. See Bullcoming v. New Mexico, — U.S. -, 131 S.Ct. 2705, 180 L.Ed.2d 610 (2011); Giles, 554 U.S. at 353, 128 S.Ct. 2678; Melendez-Diaz v. Massachusetts, 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009); Davis, 547 U.S. at 813, 126 S.Ct. 2266; Crawford, 541 U.S. at 36, 124 S.Ct. 1354. I do not believe that eases employing a generalized due process analysis are the key to this inquiry.
I also conclude — like the majority — that AEDPA deference attaches to the Appellate Division’s determination that Grayton waived his right to be present at the hearing. However, although the majority concludes that the Appellate Division could have reasonably concluded that Grayton personally waived his right to presence, see Majority Op. at 176-78, I disagree and take a somewhat different path.[3] Waiver is the knowing and voluntary relinquishment of a known right. United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). To be voluntary, the relinquishment of the right must have been “the product of a free and deliberate choice.” Moran v. Burbine, 475 U.S. 412, 421, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986). Nothing in this record indicates that Gray-ton’s absence from the Geraci hearing was voluntary. Grayton was never offered the opportunity to attend the hearing. He was in the custody of the State when the prosecution requested a Geraci hearing and he remained in custody for the duration of the hearing. Thus, it simply cannot be inferred from the record that Grayton’s absence was a voluntary act.[4] The majority side-steps this by engaging in a waiver-by-implication analysis. Majority Op. at 177-78. But that approach fails to address, and cannot accommodate, the absence from the record of any indication of voluntariness.[5]
*182 Were it clearly established federal law, as Grayton contends, that his right to be present at a Geraci hearing is a right that can be waived only by his personal participation, my inquiry might end. However, the Supreme Court has held that, for some rights, “waiver may be effected by the action of counsel.” New York v. Hill, 528 U.S. 110, 114, 120 S.Ct. 659, 145 L.Ed.2d 560 (2000)
What suffices for a valid waiver depends on the nature of the right at issue Whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant’s choice must be particularly informed or voluntary, all depend on the right at stake. For certain fundamental rights, the defendant must personally make an informed waiver. For other rights, however, waiver may be effected by action of counsel.... As to many decisions pertaining to the conduct of the trial, the defendant is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.
Id. at 114-115, 120 S.Ct. 659 (internal quotation marks, citations and alterations omitted).
Since this case involves an application for a writ of habeas corpus, in assessing the reasonableness of a state court decision, we may only consider the precedents of the Supreme Court when determining what was “clearly established Federal law” within the meaning of AEDPA. See Parker v. Matthews, — U.S. -, 132 S.Ct. 2148, 2155, 183 L.Ed.2d 32 (2012) (per curiam). No Supreme Court case law has decided whether counsel may waive his client’s right to be present at a Geraci hearing, and the Supreme Court has not elaborated a test to distinguish between “fundamental” and “other” rights. Hill, 528 U.S. at 114,120 S.Ct. 659. Indeed, the Supreme Court has taken “no position on the standards necessary to demonstrate ... forfeiture” by wrongdoing. Davis, 547 U.S. at 833, 126 S.Ct. 2266.
Because this lack of controlling Supreme Court precedent is decisive, I join the majority in concluding that the Appellate Division did not unreasonably conclude that counsel could, and did, waive Grayton’s right to be present at the Geraci hearing.[6]

. This result — “forfeiture by wrongdoing” — is rooted in a common law tradition to admit statements of an absent witness who was “detained” or “kept away” by the “means or procurement” of the defendant. See Giles v. California, 554 U.S. 353, 359, 128 S.Ct. 2678, 171 L.Ed.2d 488 (2008); Davis v. Washington, 547 U.S. 813, 833, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006) ("one who obtains the absence of a witness by wrongdoing forfeits the constitutional right to confrontation.”). This doctrine balances the risk of admitting unconfronted testimony against the greater risk of permitting defendants to disrupt trial by causing witnesses to be unavailable and then benefitting from this misconduct.

. As Grayton points out in his brief, had he been present at the Geraci hearing, he could have informed the court that he was in a close, possibly romantic, relationship with Ms. Osario, which might have explained why someone asked her to visit him at Riker’s Island. Appellant Br. at 23-24.

. The district court denied Grayton's Certificate of Appealability as to a variety of issues, including whether he personally effected an implied waiver of his right to be present. See Application, for Certificate of Appealability, March 12, 2010, ECF No. 19; Pet’r. Mem. of Law in Support of Pet. of Appealability, Feb. 11, 2010, ECF No. 18. The majority exercises its discretion to reconsider the question of personal waiver. See 28 U.S.C. § 2253(c)(1) (permitting a "circuit justice or judge” to issue a certificate of appealability).

. The issue of voluntariness is a legal question requiring independent federal determination. Arizona v. Fulminante, 499 U.S. 279, 287, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). The Supreme Court has held that a constitutional right can be impliedly relinquished even where the defendant makes no affirmative statement. See e.g., Taylor v. United States, 414 U.S. 17, 20, 94 S.Ct. 194, 38 L.Ed.2d 174 (1973) (per curiam) (finding waiver where a defendant purposefully “flees” from the court during trial); Illinois v. Allen, 397 U.S. 337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (finding waiver where the defendant has control over whether he misbehaves and is removed from the court on account of such misbehavior). However, there can be no finding of voluntariness if a defendant’s will is overborne. See Schneckloth v. Bustamante, 412 U.S. 218, 225-26, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

. The problematic nature of the majority’s approach is further complicated by the fact its analysis is more akin to a forfeiture rather than a waiver analysis. See generally Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 61 (2d Cir.1999). However, I don’t believe a purposeful exclusion becomes a knowing, voluntary waiver by virtue of a defendant’s failure to object after the fact. Cf. Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 82, 39 S.Ct. 435, 63 L.Ed. 853 (1919) ("It is not correct ... to regard the opportunity of afterwards excepting to the instruction and to the manner of giving it as equivalent to an opportunity to be present during the proceedings.”).

. The majority responds to Grayton’s contention that waiver could not have been made by his counsel by stating, "the Supreme Court and our circuit have spoken clearly on this issue.” Majority Op. at 174. I disagree and respectfully note that this Court has never decided "whether and under what circumstances defense counsel may waive a defendant's right to confrontation.” United States v. Plitman, 194 F.3d 59, 63 (2d Cir.1999).