23-6563
*United States v. Rosado*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand twenty-five.

PRESENT:

> JOHN M. WALKER, JR.,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                      No. 23-6563

LEONARDO HECTOR ROSADO, a.k.a. Caronte,

> *Defendant-Appellant.*

_____

**For Defendant-Appellant:**       DANIEL S. NOBLE (Patricio G. Martínez Llompart, Chandini Jha, *on the brief*), Krieger Lewin LLP, New York, NY.

**For Appellee:**       DANIEL E. CUMMINGS (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Marc H. Silverman, Acting United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 25, 2023 judgment of the district court is **AFFIRMED**.

Leonardo Hector Rosado appeals from a judgment of conviction following a jury trial at which he was found guilty of two counts of possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vi), and one count of possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii). The district court sentenced Rosado to 170 months' imprisonment on each of the three counts, to be served concurrently, and five years of supervised release. On appeal, Rosado challenges the district court's decision to try him in absentia after he

2

refused to appear for trial. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review for plain error the district court's decision to proceed to trial in Rosado's absence because Rosado did not "preserve [the] issue below by objecting." *United States v. Salim*, 690 F.3d 115, 124 (2d Cir. 2012); *see also United States v. Leroux*, 36 F.4th 115, 121 (2d Cir. 2022). To obtain a vacatur, then, Rosado must demonstrate that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights . . . ; and (4) the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted).

A defendant's waiver of his right to be present at his criminal trial "is not to be presumed." *United States v. Yannai*, 791 F.3d 226, 239 (2d Cir. 2015). First, the district court must find that the defendant's waiver was "both 'knowing' and 'voluntary.'" *United States v. Fontanez*, 878 F.2d 33, 36 (2d Cir. 1989) (internal quotation marks omitted). Based on the record before us, we see no error – much less a "clear or obvious" one, *Marcus*, 560 U.S. at 262 – in the district court's finding

that Rosado "knowingly and voluntarily" waived his right to be present at trial. *Leroux*, 36 F.4th at 121.

Rosado does not dispute that he refused to leave his cell at the Wyatt Detention Center on February 16, 2023. He likewise concedes that he refused to comply with the district court's order that he appear for a video conference later that day to address the reasons for his non-appearance in court. The next day, Rosado yet again refused to "willingly" go to court, Def. App'x at 135, thus requiring Wyatt corrections officers to employ reasonable force – pursuant to the district court's use-of-force order entered the day before – to remove Rosado from his cell so that he could be transported to the courthouse. *Compare id.* ("Mr. Rosado laid down on the floor of his cell and refused to get up. The[ officers] then needed to use the force order."), *with id.* at 124 ("Your Honor, I spoke to Mr. Rosado this morning. His wishes are that he doesn't even want to come into the courtroom to appear before Your Honor. I informed him that that's not a decision that he has."). It is well established that "a defendant can waive his right to be present at trial expressly or by voluntarily failing to appear," and we have "explicitly repudiated a rule . . . that would require a defendant's personal statement in court to bring about a constitutionally valid waiver of his right to be

4

present." *Clark v. Stinson*, 214 F.3d 315, 323–24 (2d Cir. 2000); *see also Polizzi v. United States*, 926 F.2d 1311, 1322 (2d Cir. 1991). Indeed, the Supreme Court has held that "the defendant's initial presence" at the start of his trial "serves to assure that any waiver is indeed knowing." *Crosby v. United States*, 506 U.S. 255, 261 (1993). Because Rosado "attend[ed] jury selection and then disappear[ed] for the remainder of his trial," Rosado Br. at 46, it cannot be said that Rosado – knowing that the "judge, jury, witnesses and lawyers [we]re present and ready to continue – would not know that as a consequence the trial could continue in his absence." *Crosby*, 506 U.S. at 262 (quoting *Taylor v. United States*, 414 U.S. 17, 20 (1973)).

But the record is even more compelling than that. After the district court issued a force order directing United States Marshals to physically compel Rosado to appear in court, Rosado expressly stated: "I don't want a trial. . . . [T]hat's why I came here[,] to put it on the record." Def. App'x at 128; *see also id*. ("I'm not in agreement with anything that has to do with this trial, so if you want to have it without me, that's fine."). When the district court attempted to explain the consequences of that decision, including that it would mean the waiver of Rosado's right to testify at trial, Rosado made clear that he understood what he

was doing. *See id.* at 133 ("Me not wanting to be at the trial is the same as not wanting to testify.").

Rosado now contends for the first time on appeal that the district court erred in finding that his waiver was voluntary because it failed to follow up on Rosado's "repeated claims of physical mistreatment." Reply Br. at 9. Rosado argues that this case therefore resembles *Salim*, in which the defendant's "waiver allegedly *resulted from* fears of intimidation and physical abuse" by correctional officers. 690 F.3d at 121, 123 (emphasis added). But unlike the defendant in *Salim,* Rosado has never suggested (either below or now on appeal) that his alleged mistreatment was aimed at coercing him to *absent* himself from his trial. To the contrary, Rosado concedes that he "told the court that he believed he was being punished for exercising his right *not* to appear in court." Rosado Br. at 37 (emphasis added); *see also* Def. App'x at 130 ("I don't understand what the reason was for putting me in a punishment cell *just because I didn't want to appear for a trial."* (emphasis added)). There is thus no question that he "chose of his own volition" not to attend his trial. *United States v. Nichols*, 56 F.3d 403, 416 (2d Cir. 1995).

Rosado also argues that "the district court clearly erred in finding that [his] waiver was knowing" because the "court failed to determine whether [he]

6

(mistakenly) believed (1) that it was possible the Second Circuit was going to intervene and halt his trial in order to take up the various issues that Mr. Rosado had raised in his *pro se* pretrial motions or (2) that any trial that went forward with his motion still pending would not be legitimate and would have no legal effect." Rosado Br. at 31–32. Although the district court must "ensure that the defendant knows that he has the opportunity to attend and knows the ramifications of his choices," *Nichols*, 56 F.3d at 417, it is not obligated to address every possible misapprehension he may have, particularly when the defendant is represented by counsel, *see Polizzi*, 926 F.2d at 1323 ("[T]he court is not under an obligation to be sure the defendant is aware of all possible alternatives [to waiver] before granting the defendant's request [to be tried in absentia]." (internal quotation marks omitted)). We therefore remain satisfied that Rosado's waiver of physical presence was done knowingly and intelligently.

In sum, the record more than amply supports the district court's conclusion that Rosado "underst[ood] the significance and consequences" of waiving his right to be present and that his "decision [wa]s uncoerced." *Nichols*, 56 F.3d 403, 417 (internal quotation marks omitted). Consequently, we have little difficulty concluding that the district court did not err in accepting Rosado's waiver.

7

Second, to proceed in the defendant's absence, the district court – after "properly concluding that the right to be present has been waived by the defendant" – must also find that "there was on balance a controlling public interest to continue the trial in the defendant's absence." *United States v. Tureseo*, 566 F.3d 77, 84 (2d Cir. 2009) (internal quotation marks omitted). This Court has held that it is in the public interest to "avoid[] inconvenience to assembled jurors and witnesses and the delay of other cases on the court's docket," to "prevent[] contumacious defendants from dictating the conduct of their trials," *Nichols*, 56 F.3d at 418, and to "speedily" "see[] the accused brought to trial," *United States v. Pastor*, 557 F.2d 930, 934 (2d Cir. 1977). The district court addressed each of these factors when explaining its conclusion that trying Rosado in absentia was in the public interest, and the record plainly supports its conclusion. The court thus did not err in proceeding to trial.

\*     \*     \*

We have considered Rosado's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court