Filed 12/13/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARIANO ALEJANDRO De La ROSA BURGARA,<br><br>    Defendant and Appellant. | H049363<br>(Santa Clara County<br>Super. Ct. No. B1902295) |

In this appeal, we agree with other courts that have decided that we are bound by recent precedent from the California Supreme Court to conclude that changes made by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) to Penal Code section 1170, subdivision (b)[1] apply retroactively to convictions reached by plea agreements providing for a stipulated sentence. We also agree with those courts that we must follow the California Supreme Court's decision in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) to determine the applicable remedy. Nevertheless, we observe that in practice this seemingly simple remedy calls for a complex and burdensome series of decisions by the parties and the trial court. To assist them, we set out our understanding of the necessary steps following remand.

Facing charges that included willful, deliberate, and premeditated attempted murder and carried a life sentence, defendant Mariano Alejandro De La Rosa Burgara

---

[1] Unspecified statutory references are to the Penal Code.

(De La Rosa[2]) pleaded no contest to two charges: Assault with a deadly weapon (§ 245, subd. (a)(1)) and hit-and-run driving resulting in permanent, serious injury (Veh. Code, § 20001, subd. (b)(2)). He also admitted that he personally inflicted great bodily injury on the victim (GBI enhancement) (§ 12022.7, subd. (a)).

In October 2020, in accordance with De La Rosa's negotiated plea agreement, the trial court sentenced him to an aggregate stipulated sentence of eight years in prison, which included a four-year upper term for his conviction for assault with a deadly weapon. Pursuant to the plea agreement, the court also dismissed the charges for conspiracy to commit murder and willful, deliberate, and premeditated attempted murder.

On appeal, De La Rosa contends the postsentencing enactment of Senate Bill 567, which altered the requirements for imposition of an upper term under section 1170, subdivision (b) (section 1170(b)), necessitates a remand for resentencing. The Attorney General concedes that Senate Bill 567 applies retroactively to De La Rosa's nonfinal judgment. Nevertheless, the Attorney General maintains the changes to section 1170(b) are inapplicable to this case because De La Rosa entered into a plea agreement with a stipulated sentence that included an upper term.

The California Courts of Appeal are split on whether a defendant like De La Rosa, who received an upper term pursuant to a plea agreement that included a stipulated sentence, is entitled to a remand under Senate Bill 567. The issue is pending before our Supreme Court. (Compare *People v. Todd* (2023) 88 Cal.App.5th 373, 381–382 (*Todd*), review granted Apr. 26, 2023, S279154 [defendant entitled to remand] and *People v. Fox* (2023) 90 Cal.App.5th 826, 831 (*Fox*) [same] with *People v. Mitchell* (2022) 83

---

[2] In the trial court, defendant was prosecuted under the name "Mariano Alejandro Delarosaburgara." The notice of appeal, however, states defendant's name as "Mariano Alejandro De La Rosa Burgara." The record further indicates that defendant uses De La Rosa as his surname.

Cal.App.5th 1051, 1057–1059 (*Mitchell*), review granted Dec. 14, 2022, S277314[3] [defendant not entitled to remand]; *People v. Sallee* (2023) 88 Cal.App.5th 330, 333–334 (*Sallee*), review granted Apr. 26, 2023, S278690 [same].)

For the reasons explained below, we agree with the courts in *Todd* and *Fox* that a defendant who stipulated to an upper term as part of a negotiated plea agreement is entitled to a remand under Senate Bill 567. We thus reverse the judgment and remand for further proceedings under amended section 1170(b).

## I. FACTS AND PROCEDURAL BACKGROUND

### A. *Preliminary Hearing Evidence*

About 11:00 p.m. on March 27, 2019, Vanessa G. and her boyfriend, Francisco Urias-Burgara, drove in Vanessa's black Nissan to a 7-Eleven store in Sunnyvale.[4] Vanessa entered the store, and Urias-Burgara stayed outside to smoke a cigarette. Victim Spencer D. approached Urias-Burgara and asked him for money or a lighter. A physical altercation ensued, with Spencer striking Urias-Burgara first. Vanessa exited the store and saw Spencer and Urias-Burgara fighting. She did not see any weapon. According to Vanessa, Spencer "threatened to kill [her and Urias-Burgara] and then reached behind his back." Spencer walked away from the store after the fight.

---

[3] The question on review in *Mitchell* is: " 'Does Senate Bill No. 567 (Stats. 2021, ch. 731), which limits a trial court's discretion to impose upper term sentences, apply retroactively to defendants sentenced pursuant to stipulated plea agreements [i.e., plea agreements with a stipulated sentence]?' " (*People v. Kelly* (2022) 87 Cal.App.5th 1, 4, fn. 2.)

[4] We refer to civilian witnesses and the victim by first name and last initial to protect their privacy interests. (Cal. Rules of Court, rule 8.90(b)(4), (10).) Additionally, we note that Vanessa G. testified at De La Rosa's November 2019 preliminary hearing under a grant of use immunity.

Urias-Burgara and Vanessa got into her Nissan. Urias-Burgara spoke briefly by phone to his brother, Jose D., who passed the call to their brother, De La Rosa.[5] Urias-Burgara asked De La Rosa for help.

Soon thereafter, De La Rosa arrived at the 7-Eleven driving his black Mercedes. De La Rosa spoke with Urias-Burgara. Both cars exited the 7-Eleven parking lot. Urias-Burgara eventually got out of Vanessa's Nissan and entered the passenger seat of De La Rosa's Mercedes. As Vanessa drove toward her home, she noticed Spencer at a gas station. She called Urias-Burgara and informed him of Spencer's location.

Spencer proceeded to a shopping center and happened to meet his friend Andrew F. At 11:35 p.m., a surveillance camera captured a dark-colored sedan (which resembled De La Rosa's Mercedes) enter and park in the shopping center's parking lot. A couple of minutes later, Urias-Burgara exited the car's passenger seat and walked around. The driver also got out of the car and went to the trunk. Both individuals got back inside the car.

As Andrew and Spencer walked through the shopping center's parking lot, Andrew heard tires squealing and looked around. He saw Spencer down on the ground and a car driving away. A surveillance camera captured the dark-colored sedan colliding with Spencer around 11:43 p.m. Spencer suffered major injuries and was hospitalized. Andrew told the police that there were at least two people inside the car that hit Spencer.

Vanessa testified that after the incident, Urias-Burgara told her that De La Rosa was the driver of the car that hit Spencer. Urias-Burgara also said that he had wanted to get out of the car and have a one-on-one fight with the person who had punched him, but he was stopped from exiting the car.

A Sunnyvale detective testified that De La Rosa's girlfriend, Mariana C., had reported that De La Rosa said "something bad happened" with his car when he was with

---

[5] Jose D. testified at the preliminary hearing under a grant of use immunity.

4

his brother.[6] De La Rosa told Mariana that he had hit a person with his car because he was assisting his brother after his brother had been attacked. In addition, Mariana told the detective that the person involved in the incident had a gun. She said that after the date of the incident, she and De La Rosa took his Mercedes to Los Angeles because "the car could not be in the area."

B. *Charges Against De La Rosa*

Following a joint preliminary hearing, the Santa Clara County District Attorney filed an information charging De La Rosa and his brother Urias-Burgara with conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a); count 1), attempted murder (§§ 187, subd. (a), 664; count 2), assault with a deadly weapon (§ 245, subd. (a)(1); count 3), and hit-and-run driving (Veh. Code, § 20001, subd. (a); count 4). For count 2, the information alleged that De La Rosa committed the attempted murder willfully, deliberately, and with premeditation (§ 189) and personally used a deadly or dangerous weapon (§ 12022, subd. (b)(1)). Further, as to De La Rosa, counts 2 and 3 included a GBI enhancement allegation (§ 12022.7, subd. (a)).

C. *De La Rosa's No Contest Plea and Sentencing*

On March 5, 2020, pursuant to a written plea agreement, De La Rosa pleaded no contest to count 3 and count 4 (as amended[7]) and admitted the GBI enhancement allegation attached to count 3. In exchange for the dismissal of counts 1 and 2 at sentencing, De La Rosa would receive the upper term of four years on count 3,[8] plus three years for the GBI enhancement attached to count 3 and one year (one-third the

---

[6] The prosecutor granted Mariana C. use immunity and called her as a witness at the preliminary hearing. After Mariana provided limited testimony, the court found her unable to continue due to illness and excused her from the witness stand.

[7] At the change-of-plea hearing, the district attorney orally amended count 4 to charge hit-and-run driving resulting in permanent, serious injury or death (Veh. Code, § 20001, subd. (b)(2)).

[8] The sentencing triad for felony assault with a deadly weapon is two, three, or four years in state prison. (§ 245, subd. (a)(1).)

middle term) on count 4, for a total sentence of eight years in prison. De La Rosa offered the police report and the preliminary hearing transcript as the factual basis for his plea, and the district attorney stipulated that those documents provided a factual basis. The trial court accepted De La Rosa's plea, finding a factual basis for it and that De La Rosa knowingly, voluntarily, and intelligently waived his rights.[9]

On October 15, 2020, in accordance with the plea agreement, the trial court sentenced De La Rosa to the stipulated sentence of eight years in prison, which included the upper term of four years on count 3 for the assault with a deadly weapon conviction.

This court subsequently granted De La Rosa relief from default and permission to file a late notice of appeal. In May 2022, De La Rosa filed a notice of appeal, and the trial court granted his request for a certificate of probable cause.

## II. DISCUSSION

Effective January 1, 2022, section 1170(b) was amended by Senate Bill 567 "to make the middle term the presumptive sentence for a term of imprisonment" unless aggravating circumstances stipulated to by the defendant or proved true beyond a reasonable doubt justify imposition of an upper term.[10] (*People v. Lopez* (2022) 78 Cal.App.5th 459, 464 (*Lopez*); Stats. 2021. ch. 731, § 1.3.)

Specifically, current section 1170, subdivision (b)(1) states: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."

---

[9] According to the probation officer's report completed in anticipation of De La Rosa's sentencing, codefendant Urias-Burgara similarly entered into a plea agreement that included a four-year prison term on count 3 and 364 days in county jail, concurrent, on count 4.

[10] The Legislature has further amended section 1170 since enacting Senate Bill 567, but the more recent changes to that section do not affect our analysis of De La Rosa's claim of error. (See Stats. 2022, ch. 744, § 1 [Assem. Bill No. 960; eff. Jan. 1, 2023]; Stats. 2023, ch. 560, §§ 2.5, 4 [Assem. Bill No. 1104; eff. Jan. 1, 2024].)

Section 1170, subdivision (b)(2) (section 1170(b)(2)) provides: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."[11] The trial court may also consider "the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (*Id.*, subd. (b)(3).) The record indicates that De La Rosa has no prior criminal history.

Section 1170, subdivision (b)(4) provides: "The court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to [s]ection 1203.03, and statements in aggravation or mitigation submitted by the prosecution, the defendant, or the victim, or the family of the victim if the victim is deceased, and any further evidence introduced at the sentencing hearing." However, section 1170, subdivision (b)(4) does not permit the court to impose an upper term without compliance with section 1170, subdivision (b)(2) and (3). Under section 1170, subdivision (b)(5), the trial court must "set forth on the record the facts and reasons for choosing the sentence imposed. The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (See also *id.*, subd. (c).)

Further, section 1170, subdivision (b)(6) (section 1170(b)(6)) provides "the opportunity for a low-term sentence under specified circumstances, including where a defendant was a 'youth' as defined [by] section 1016.7, subdivision (b) at the time of the offense and the defendant's youth was a contributing factor to the offense, unless the

---

[11] The phrase " 'circumstances in aggravation' " in section 1170(b)(2) refers to the factors listed in California Rules of Court, rule 4.421. (*Chavez Zepeda v. Superior Court* (2023) 97 Cal.App.5th 65, 70–71.)

court finds that imposition of the low term would be contrary to the interests of justice."[12] (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 199–200.)

The Attorney General concedes that Senate Bill 567 applies retroactively to this case because the judgment was not yet final when the legislation took effect. We concur. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1108–1109; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

Nevertheless, the Attorney General contends De La Rosa is not entitled to any relief under Senate Bill 567 because he entered into a negotiated plea agreement with the district attorney that included a stipulated sentence that expressly called for the imposition of the upper term. Relying principally on *Mitchell*, *supra*, 83 Cal.App.5th 1051, review granted, and *Sallee*, *supra*, 88 Cal.App.5th 330, review granted, the Attorney General argues that De La Rosa's acceptance of the upper term "divested the trial court of its discretion in imposing a sentence" and thus the changes made by Senate Bill 567 to the court's discretion in choosing between the terms in a triad are inapplicable in this case. (See *Mitchell*, at pp. 1057–1059; *Sallee*, at pp. 337–341.)

De La Rosa rejects this position and urges this court to follow the decisions of the courts in *Todd*, *supra*, 88 Cal.App.5th 373, review granted, and *Fox*, *supra*, 90 Cal.App.5th 826, and remand this matter.

Exercising de novo review (*Fox*, *supra*, 90 Cal.App.5th at p. 831), and having considered the decisions on both sides of the split in authority, we are persuaded that De La Rosa is entitled to remand for the reasons stated in *Todd* and *Fox*.

In *Todd*, a different panel of this court disagreed with the rationale of *Mitchell*, concluding instead that the defendant, who had entered a plea agreement with a stipulated

---

[12] Section 1016.7, subdivision (b) defines " 'youth' " as "any person under 26 years of age on the date the offense was committed." Although De La Rosa was 23 years old at the time of his offense, he makes no specific argument on appeal regarding the effect of section 1170, subdivision (b)(6)(B) on his requested remedy.

sentence that included an upper term before Senate Bill 567, should be permitted the opportunity to seek resentencing in compliance with amended section 1170(b). (*Todd*, *supra*, 88 Cal.App.5th at p. 381.) The *Todd* court explained that the reasoning in *Mitchell* runs counter to section 1016.8.[13] (*Id.* at pp. 379–380.) The court also opined that the Legislature's failure to limit the retroactive effect of Senate Bill 567 indicated an intent to subject the People and defendants to amended section 1170(b) and effectuate section 1016.8. (*Id.* at p. 380.) The *Todd* court further compared the situation before it to that in *Stamps*, *supra*, 9 Cal.5th 685 and concluded there was no reason to treat the situation in *Todd* differently from that in *Stamps*. (*Todd*, at pp. 380–381.)

Likewise, in *Fox*, the First District Court of Appeal, Division One looked to *Stamps* as "the leading authority on what relief is available under ameliorative sentencing legislation that takes effect after a defendant enters a plea agreement for a stipulated sentence." (*Fox*, *supra*, 90 Cal.App.5th at p. 831.) The *Fox* court "conclude[d] that

_____

[13] Section 1016.8 provides: "(a) The Legislature finds and declares all of the following: [¶] (1) The California Supreme Court held in *Doe v. Harris* (2013) 57 Cal.4th 64 that, as a general rule, plea agreements are deemed to incorporate the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. That the parties enter into a plea agreement does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them. [¶] (2) In *Boykin v. Alabama* (1969) 395 U.S. 238, the United States Supreme Court held that because of the significant constitutional rights at stake in entering a guilty plea, due process requires that a defendant's guilty plea be knowing, intelligent, and voluntary. [¶] (3) Waiver is the voluntary, intelligent, and intentional relinquishment of a known right or privilege (*Estelle v. Smith* (1981) 451 U.S. 454, 471, fn. 16, quoting *Johnson v. Zerbst* (1938) 304 U.S. 458, 464). Waiver requires knowledge that the right exists (*Taylor v. U.S.* (1973) 414 U.S. 17, 19). [¶] (4) A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent. [¶] (b) A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy. [¶] (c) For purposes of this section, 'plea bargain' has the same meaning as defined in subdivision (b) of [s]ection 1192.7."

*Todd*'s holding is compelled by *Stamps*" and, in turn, declined to follow *Mitchell* and *Sallee*. (*Id*. at p. 833.) The *Fox* court explained that "*Mitchell* and *Sallee*'s reasoning would suggest, in direct conflict with *Stamps*'s holding, that section 1385 [(the amended statute at issue in *Stamps*)] is inapplicable to stipulated sentences. As *Stamps* explained, the fact that a defendant agreed to a specific term prevents a trial court from striking a prior-serious-felony enhancement while imposing the balance of a stipulated sentence, but it does not prevent the court from striking the enhancement and permitting the prosecution to withdraw from the plea agreement. [Citation.] This is because a trial court's 'exercise of its new discretion to strike the serious felony enhancement, whether considered a new circumstance in the case or simply a reevaluation of the propriety of the bargain itself, would fall within the court's broad discretion to withdraw its prior approval of the plea agreement.' " (*Id*. at p. 834, citing *Stamps*, *supra*, 9 Cal.5th. at pp. 701, 707–708.)

"By the same reasoning, although a defendant who agreed to a specific term cannot be resentenced to the middle or lower term while retaining the other benefits of the plea bargain, the defendant may still seek relief under Senate Bill No. 567 with the understanding that if the trial court grants relief, the plea bargain is unlikely to survive. The amendment of section 1170(b) to make the middle term the presumptive term unless aggravating circumstances are proven is a significant legal change that could well affect a court's evaluation of a plea bargain's fairness. [Citation.] Indeed, whereas under [the amended law at issue in *Stamps*,] a sentence is lawful regardless of whether a trial court exercises its discretion to strike an enhancement, under Senate Bill No. 567 an upper-term sentence is not even authorized unless aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt. [Citations.] Thus, the statutory amendment here warrants a remand even more clearly than did the one in *Stamps*." (*Fox*, *supra*, 90 Cal.App.5th at p. 834.)

We agree with the analysis in *Todd* and *Fox*. Accordingly, we will remand this matter to allow De La Rosa to pursue relief under the new mandates within section 1170(b). As *Fox* sets out, on remand De La Rosa may " 'waive or invoke the requirements of section 1170[(b)].' [Citation.] If [De La Rosa] does not waive those requirements, the trial court must determine whether the upper term can be imposed in compliance with section 1170(b). If it can be so imposed, then the sentence will stand. But if it cannot, and the prosecution does not acquiesce to a reduced sentence or the trial court no longer approves of the plea agreement with the reduction, the court must 'return the parties to the status quo.' " (*Fox*, *supra*, 90 Cal.App.5th at p. 835; see also *Todd*, *supra*, 88 Cal.App.5th at pp. 381–382.)

Although we agree with this general description, we note that in practice it involves additional subsidiary decisions and possible courses of action by the parties and the trial court. For their benefit, we set out in detail the possible scenarios.[14]

If De La Rosa waives the requirements of section 1170(b), the trial court shall reinstate the original sentence (which included the upper term of four years on count 3 for the assault with a deadly weapon conviction).

On the other hand, if De La Rosa invokes the requirements of section 1170(b), he must state, under section 1170(b)(2), whether he either stipulates to an aggravating circumstance that justifies the imposition of the upper term on count 3 or desires a jury

---

[14] Our description of these procedures is not intended to preclude De La Rosa and the district attorney from jointly requesting that the trial court allow them to withdraw from the plea agreement, vacate the conviction, and return them to the status quo ante. (See § 1018; *People v. Hunt* (1985) 174 Cal.App.3d 95, 102 ["A guilty plea may be withdrawn any time before judgment for good cause shown."].) We leave the suitability and propriety of this course of action to the parties and the trial court in the first instance.

11

trial or court trial on any aggravating circumstances alleged by the district attorney.[15] (§ 1170(b)(2); see *Lopez*, *supra*, 78 Cal.App.5th at p. 468.)

If De La Rosa requests a jury trial or court trial, the trial court should hold such a trial, at which the district attorney will bear the burden of proving the truth of any alleged aggravating circumstance beyond a reasonable doubt. (§ 1170(b)(2).) If the district attorney fails to prove the truth of any aggravating circumstance that justifies the imposition of the upper term, the trial court shall find that the sentence on count 3 may not exceed the middle term (i.e., three years).

On the other hand, if De La Rosa stipulates to an aggravating circumstance justifying the upper term or the district attorney proves the existence of such an aggravating circumstance to a jury or the court, the trial court shall find that the upper term may be imposed on count 3.

Further, although he has not done so in this appeal, De La Rosa may assert in the trial court the applicability of subdivision (b)(6) of section 1170. If De La Rosa raises the applicability of section 1170(b)(6), the trial court must find whether any purportedly applicable factor listed in that subparagraph (§ 1170, subd. (b)(6)(A)–(C)) "was a contributing factor in the commission of the offense" and, if so, whether "the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term [(i.e., two years)] would be contrary to the interests of justice." (§ 1170(b)(6).)

If, after compliance with the procedures invoked by De La Rosa, the trial court determines that the upper term can be imposed on count 3 under the requirements of section 1170(b), the court shall reinstate the original sentence.

If, however, the trial court determines that either the lower term or the middle term is the proper sentence on count 3 under section 1170(b), the court must ask the district

---

[15] We note that the exception to the jury trial requirement for prior convictions (§ 1170, subd. (b)(3)) seemingly has no application in this case because De La Rosa has no prior criminal history.

attorney whether he assents to the reduced sentence. If the district attorney agrees to the reduced sentence on count 3, the court must decide whether it approves the plea agreement with that reduction. If the court approves the plea agreement with the reduced sentence on count 3, the court shall resentence De La Rosa accordingly.

On the other hand, if the district attorney does not agree to the reduced sentence on count 3, or if the trial court does not approve the plea agreement with the reduced sentence, the court shall vacate the plea agreement in toto (i.e., vacate De La Rosa's no contest pleas to counts 3 and 4) and place the parties back into the position they occupied before they entered into the plea agreement on March 5, 2020. (See *Fox*, *supra*, 90 Cal.App.5th at p. 835; *Todd*, *supra*, 88 Cal.App.5th at pp. 381–382.)

In his request for relief in this court, De La Rosa asks this court to further "direct[] that the prosecutor and trial court are precluded from imposing any new aggregate sentence of more than [eight] years." By contrast, the Attorney General asserts that if the district attorney were to withdraw his assent to the plea bargain, "the parties would then be free to proceed as if no agreement had ever existed."

Because it is currently uncertain whether the remand proceeding will result in vacatur of the plea agreement, we decline to decide whether De La Rosa could be sentenced to a prison term greater than the aggregate eight-year term agreed to in the original plea agreement. We leave that legal issue, should it arise, to the trial court for consideration in the first instance. We note that *Fox* suggests a sentence greater than that stipulated to in a dissolved plea agreement would be lawful. That decision states, "We may question the wisdom of [defendant]'s desire to seek relief that is likely to upend the plea agreement, given he has already served several years of his sentence and faces an indeterminate sentence if the dismissed charges are reinstated, but it is ultimately his choice whether to do so." (*Fox*, *supra*, 90 Cal.App.5th at p. 835.)

Given that the plea agreement here guaranteed that De La Rosa would not serve an indeterminate life sentence, the facts to which De La Rosa previously stipulated involved

13

him running down an unarmed man with a car resulting in serious injuries to the victim, and the events appear to have been at least partially recorded on video, a similar cautionary statement appears appropriate here. Nevertheless, we agree that De La Rosa has the right to be sentenced under the new procedures outlined in section 1170(b). We leave an evaluation of the benefits and risks of this course of action to De La Rosa and his counsel.

## III. DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion. On remand, De La Rosa may waive or invoke the requirements of Penal Code section 1170, subdivision (b), as amended by Senate Bill No. 567 (2021-2022 Reg. Sess.). If the trial court resentences De La Rosa without vacating his no contest pleas, the clerk of the court shall forward an amended abstract of judgment to the Department of Corrections and Rehabilitation. De La Rosa's convictions are otherwise affirmed.

_____
                             Danner, J.

I CONCUR:

_____
Adams, J.[*]

**H049363**
*People v. De La Rosa Burgara*

------

[*]Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

BAMATTRE-MANOUKIAN, Acting P. J., Concurring.

While we await the California Supreme Court's decision in *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314, I concur in the judgment based on the California Supreme Court's guidance in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*).  (See *People v. Todd* (2023) 88 Cal.App.5th 373, 380 (*Todd*) [finding *Stamps* "instructive" in concluding that a defendant sentenced under a plea agreement was entitled to remand for resentencing under amended Penal Code section 1170, subdivision (b)]; *People v. Fox* (2023) 90 Cal.App.5th 826, 833 ["We conclude that *Todd*'s holding is compelled by *Stamps*"]; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [decisions of the California Supreme Court are binding on this court].)

_____
BAMATTRE-MANOUKIAN, ACTING P. J.

*People v. De La Rosa Burgara*
**H049363**

Trial Court:     County of Santa Clara

Trial Judge:    Hon. Charles E. Wilson II

Counsel:        Anna L. Stuart, by appointment of the Court of Appeal under the Sixth
                District Appellate Program, for Defendant and Appellant.

                Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney
                General, Jeffrey M. Laurence, Senior Assistant Attorney General, Arthur
                P. Beever, Deputy Attorney General and Julia Y. Je, Deputy Attorney
                General, for Plaintiff and Respondent.

*People v. De La Rosa Burgara*
**H049363**